COHEN and wife, Plaintiffs, v. TOWNE REALTY, INC., and others, Defendants and Third-Party Plaintiffs and Appellants: TANNENBAUM & ASSOCIATES—ARCHITECTS & PLANNERS, INC., Third-Party Defendant and Respondent.*

*No. 385. Argued January 31, 1972.—Decided February 25, 1972.*
(Also reported in 194 N. W. 2d 298.)

---

* Motion for rehearing denied, with costs, on May 2, 1972.

1

For the appellants there was a brief by *Cook & Franke, S. C.,* attorneys, and *Francis R. Croak* and *David J. Hase* of counsel, all of Milwaukee, and oral argument by *Mr. Croak.*

For the respondent there was a brief by *Niebler & Niebler,* attorneys, and *Chester J. Niebler* of counsel, all of Menomonee Falls, and oral argument by *Chester J. Niebler.*

WILKIE, J. Appellants attack the constitutionality of sec. 893.155, Stats. They claim it is invalid because it denies an individual the right to pursue an action against

a contractor or architect more than six years after the construction has been completed. Furthermore, appellants contend that the section is unconstitutional because it arbitrarily excludes owners and materialmen from its coverage. We do not reach these questions because appellants do not have standing to challenge the constitutionality of sec. 893.155.

The third-party complaint filed by appellants discloses that respondent not only designed the apartment building, but also was responsible for the supervision of its construction. The statute of limitation, therefore, began running at the time the construction was completed, September 1, 1964, and would have expired on August 31, 1970.

Thus, whatever might be the constitutional argument relating to the statute as applied to appellants, the statute did not bar their action against the architects. The principal action was commenced on March 31, 1970, five months before the statute of limitations expired. Yet the third-party complaint was not served upon the respondent until February 2, 1971. Accordingly, a question is raised as to whether appellants have standing to raise the constitutional question. In *United States v. Raines*,[1] a lower federal court had declared a federal statute unconstitutional even though the parties were not subject to the invalid restraint within the statute. In reversing the lower court, the United States Supreme Court said:[2]

". . . This Court, as is the case with all federal courts, 'has no jurisdiction to pronounce any statute, either of a State or of the United States, void, because irreconcilable with the Constitution, except as it is called upon to adjudge the legal rights of litigants in actual controversies. In the exercise of that jurisdiction, it is bound by two rules, to which it has rigidly adhered, one, never to antici-

[1] (1960), 362 U. S. 17, 80 Sup. Ct. 519, 4 L. Ed. 2d 524.
[2] *Id.* at page 21.

pate a question of constitutional law in advance of the necessity of deciding it; the other never to formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied.' *Liverpool, New York & Philadelphia S. S. Co. v. Commissioners of Emigration,* 113 U. S. 33, 39. Kindred to these rules is the rule that one to whom application of a statute is constitutional will not be heard to attack the statute on the ground that impliedly it might also be taken as applying to other persons or other situations in which its application might be unconstitutional."

Consistent with this proposition is the requirement, expressed many times by this court,[3] that before an individual can attack the constitutionality of the statute he must demonstrate that its alleged constitutional infirmity has actually affected his rights.

Appellants' inability to maintain the third-party action is the result of their delay, not the statutory bar. Thus we do not make any determination on the constitutionality of this statute as against the claims of unconstitutionality made by the appellants.

*By the Court.*—Judgment affirmed.

---

[3] *See: Schmidt v. Local Affairs & Development Dept.* (1968), 39 Wis. 2d 46, 60, 61, 158 N. W. 2d 306, and cases cited therein.