ROSENTHAL and others, d/b/a Lewis Center-Joint Venture, Appellants, v. KURTZ and others, Respondents: INSULATION SERVICE, INC., and another, Defendants.*

*No. 232. Submitted under sec. (Rule) 251.54 November 28, 1973.— Decided January 21, 1974.*
(Also reported in 213 N. W. 2d 741 and 216 N. W. 2d 252.)

* Motion for rehearing denied, without costs, on April 2, 1974.

4

For the appellants the cause was submitted on the brief of *Porter, Purtell, Purcell, Wilmot & Burroughs, S. C.,* attorneys, and *Charles E. Burroughs* of counsel, all of Milwaukee.

For the respondents the cause was submitted on the brief of *Niebler & Niebler,* attorneys, and *Chester J. Niebler* of counsel, all of Menomonee Falls.

HEFFERNAN, J.   The plaintiffs argue that the period of limitations runs not from December 31, 1963, the time that the architectural services were last performed, but from July 3, 1967, the time the construction of the improvement to the real estate was completed. If the plaintiffs' interpretation of the statute is correct, their suit commenced on October 19, 1971, was timely.

The relevant statutes provided:

"893.14 **Actions, time for commencing.** The following actions must be commenced within the periods respectively hereinafter prescribed *after the cause of action has accrued* . . . ." (Emphasis supplied.)

"893.15 . . . .

"893.155 **Within 6 years.** No action to recover damages for any injury to property, or for an injury to the person, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained on account of such injury, shall be brought against any person performing or furnishing the design, planning, supervision of construction or construction of such improvement to real property, more than 6 years after the performance or furnishing of such services and construction. This limitation shall not apply to any person in actual possession and control as owner, tenant or otherwise, of the improvement at the time the defective and unsafe condition of such improvement constitutes the proximate cause of the injury for which it is proposed to bring an action."

Plaintiffs argue that no matter how the statute is read, the only date on which the period of limitations can commence is the date of completion of construction.

Plaintiffs contend that only two ways of reading the statute, each leading to the same conclusion in this case, are permissible:

"(a) [No action . . . shall be brought] . . . more than six years after the performance . . . of such services *and* construction, or

"(b) [No action . . . shall be brought] . . . more than six years after the . . . furnishing of such services *and* construction." (Emphasis plaintiffs'.)

The defendants did not give this argument, which we consider crucial, the same careful and scholarly consideration given to other issues on this appeal. We can only conclude that they felt that the limitation question had been decided and needed no extended analysis.

We find, however, that the question is one of first impression in Wisconsin. In no case decided by this court has it been necessary to determine what event triggers the commencement of the period of limitations under sec. 893.155, Stats.

Two cases have peripherally dealt with the matter, *Cohen v. Towne Realty, Inc.* (1972), 54 Wis. 2d 1, 194 N. W. 2d 298, and *Shaurette v. Capitol Erecting Co.* (1964), 23 Wis. 2d 538, 128 N. W. 2d 34.

In *Cohen,* we held that the period of limitations commenced, "at the time the construction was completed." (P. 4) In *Shaurette,* the court summarized the statute, then sec. 330.155, Stats., as providing that no action shall be brought "more than six years after the performance of such services." (P. 544)

These cases are not helpful, for, in addition to their contradictory dicta, it appears that in each case the last date of performance of services was also the date on which construction was completed.

Sec. 893.155, Stats., is an anomaly in several respects. Sec. 893.14 is prefatory and explanatory of all the various periods of limitation set forth in the subsequent statutes: Sec. 893.15 ff., including sec. 893.155.

Sec. 893.14, Stats., provides that the period of limitations "respectively hereinafter prescribed" shall commence "after the cause of action has accrued." In an action for tort, the cause of action ordinarily does not accrue, "until some damage has occurred." Prosser, *Torts* (hornbook series, 4th ed.), p. 144, sec. 30. This court has uniformly so held in respect to tort cases. Even if the negligence that caused the injury occurred substantially in the past, as in products liability cases, the period of limitations commences to run from the time of injury, and not from the time of the negligent act or omission. Even in malpractice cases we hold, despite a substantial argument to the contrary, that injury occurs on the date of the act of negligent malpractice, and the cause of action accrues on that date, *i.e.,* the date of the initial injury even though its consequential effects and the extent of injury could not on that day be determined.

Under the situation contemplated by the statutes, secs. 893.14 and 893.155, Stats., and under the law of torts of this state, a defect of design or construction does not ripen into an accrued cause of action until the injury is inflicted or the damage incurred. Hence, under the language of secs. 893.14 and 893.155, read together as they must be, the six-year period of limitations begins neither at the time of the last performance of service nor upon the completion of construction, but on the date the cause of action accrues, and runs for six years thereafter. Under this interpretation, arguably dictated by the statutes, the period of limitations in this case will not have run until early 1976.

It seems clear, however, that such was not the legislative intent, despite the plain meaning of secs. 893.14 and 893.155, Stats. The legislative intent rather appears to be of even greater dubiety, particularly in a constitutional sense. It would deprive a putative plaintiff of a remedy before he has a cause of action. The legislative intent appears to be to deprive an injured party of any remedy whatsoever. When sec. 893.155, Stats., is read alone, the period of limitations commences at the time of last performance of service by the defendant and the date of completion of the improvement to the property. Under this reading of the statute, the injured party may be foreclosed of any remedy if the injury becomes apparent beyond a six-year period, since he cannot commence an action until the cause of action has accrued.

In the instant case the plaintiffs' cause of action accrued early in 1970. Under the defendants' interpretation of the statute, the period of limitations would have expired in 1969, prior to the time the plaintiffs could have moved to enforce their rights.

In Wisconsin we have found at least two major policy purposes behind a statute of limitations. One is to deny a court forum to those who have slept upon their rights.

The other is to protect a defendant from stale claims and from lawsuits brought at a time when memories have faded and a defense becomes more difficult. *Peterson v. Roloff* (1973), 57 Wis. 2d 1, 6, 12, 203 N. W. 2d 699; *State Farm Mut. Automobile Ins. Co.* (1972), 56 Wis. 2d 262, 268, 201 N. W. 2d 758. The lapse of time, however, poses equal or greater problems for the plaintiff, who in the usual case has the burden of proof. The denial of a remedy by the invocation of a statute of limitations is traditionally justified by the neglect of the plaintiff to assert his rights.

What justification can there be in terms of traditional policies behind statutes of repose when we have as recently as 1973 said that one policy worthy of implementation is "that of allowing meritorious claimants, who have been as diligent as possible, an opportunity to seek redress for injuries sustained." *Peterson v. Roloff, supra,* page 6. The plaintiffs showed reasonable diligence in commencing a suit within a year after they were aware of their injury.

Sec. 893.155, Stats., however, not only bars a suit before the injured party is aware of his right to do so, but goes further and bars the right to sue before it arises. Yet sec. 893.14, the prefatory section to sec. 893.155 seems to indicate that in each of the limitations thereinafter specified a right of action exists subject to the bar of limitations. If such be the case, that there is a legislatively recognized right of action that arises when the injury is sustained, a serious constitutional question is posed if the legislature, in contravention of a right statutorily recognized by it, provides, in contravention to art. I, sec. 9, of the Wisconsin Constitution, that there will be no remedy for the wrong.

In the medical malpractice cases, although we have adhered to our traditional rule, we have recognized the injustice of commencing the period of limitations at the time of the negligent act by a physician, when the in-

jured party may not be aware of his right of action until the effect of the negligence causes noticeable injury. We have attempted to rationalize the position of *McCluskey v. Thranow* (1966), 31 Wis. 2d 245, 142 N. W. 2d 787, in later cases. We pointed out in *Olson v. St. Croix Valley Memorial Hospital, Inc.* (1972), 55 Wis. 2d 628, 632, 201 N. W. 2d 63, that:

". . . in a malpractice case the date of the negligent act is not necessarily the benchmark for the commencement of a period of limitations. Only in the event the injury occurs on the same date can it be said the cause of action then 'accrues.' "

The concurring opinion of Mr. Chief Justice HALLOWS in *Olson* correctly points out, however, that the "injury" was unknown to the plaintiff and "[r]ealistically no injury, which would give rise to a cause of action, arose until the first child died shortly after birth," although the majority found, on the basis of the complaint, that the injury occurred, and hence the cause of action accrued, when the mother was given an improper blood transfusion.

In *Peterson v. Roloff, supra,* we adhered to *McCluskey, supra,* not because we considered it the most appropriate statement of the law, but because, since the legislature considered the *McCluskey* malpractice rule and had declined to alter it, we felt bound to adhere to the rule.

Mr. Chief Justice HALLOWS dissented in *Peterson, supra,* pointing out that the personal injury period of limitations, sec. 893.48, Stats., must be read in conjunction with sec. 893.14, which requires the action to be commenced within the prescribed period "after the cause of action has accrued." He argued correctly that no cause of action accrued until there was "an injury which is recognizable in money damages." (P. 8) That dissent would have permitted the malpractice period of limitations to commence when the injury resulting from the

transfusion of mismatched blood at an earlier date became apparent. As the dissent points out, the majority in *Peterson* rejected the discovery rule not because they did not believe it to be a preferable resolution of the problem, but because the court concluded that the *McCluskey* mandate was sanctioned by the legislature's failure to overturn it. No such prior legislative mandate, implicitly or explicitly, constrains our decision here.

In Illinois, a statute designed to protect architects and contractors from lawsuits, and having substantially similar language to our sec. 893.155, Stats., was held unconstitutional as special legislation. The opinion in that case, *Skinner v. Anderson* (1967), 38 Ill. 2d 455, 231 N. E. 2d 588, written by Mr. Justice Walter SCHAEFER, discusses the numerous problems produced, constitutional and practical, that are implicit in the statute of limitations. The opinion points out the anomaly of a statute of limitations that bars a cause of action before it arises and before a plaintiff can possibly assert his rights. Additionally, Mr. Justice SCHAEFER points out that only architects and builders are protected by the statute. He states:

"More important is the fact that of all those whose negligence in connection with the construction of an improvement to real estate might result in damage to property or injury to person more than four years after construction is completed, the statute singles out the architect and the contractor, and grants them immunity. It is not at all inconceivable that the owner or person in control of such an improvement might be held liable for damage or injury that results from a defective condition for which the architect or contractor is in fact responsible. Not only is the owner or person in control given no immunity; the statute takes away his action for indemnity against the architect or contractor.

"The arbitrary quality of the statute clearly appears when we consider that architects and contractors are not the only persons whose negligence in the construction of a building or other improvement may cause damage to

property or injury to persons. If, for example, four years after a building is completed a cornice should fall because the adhesive used was defective, the manufacturer of the adhesive is granted no immunity. And so it is with all others who furnish materials used in constructing the improvement. But if the cornice fell because of defective design or construction for which an architect or contractor was responsible, immunity is granted. It can not be said that the one event is more likely than the other to occur within four years after construction is completed." (P. 460)

This point is not raised in the instant case, and under the facts that appear of record no party herein at present has probable standing to raise that constitutional issue. It would appear likely, however, that a constitutional challenge to sec. 893.155, Stats., on any one of several grounds, including improper classification, might have substantial arguable merit. We believe we would be derelict in our duty to the legislature if we did not point out the extremely shaky constitutional and statutorily anomalous underpinnings of the statute.

The defect in the statute is, however, not one of basic concept but of design. An excellent article appearing in 18 Catholic Univ. Law Rev. (1969), *Limitation of Action Statutes for Architects and Builders—Blueprints for Non-Action*, p. 361, points out the history of statutes similar to sec. 893.155, Stats. Prior to the enactment of such statutes, the liability of architects and builders was almost without time limitation.

Some statute of repose is obviously desirable as a matter of public policy. The article points out, however, that those statutes passed at or about the same time as Wisconsin's, in response to the pressure to afford architects and builders reasonable protection, overstepped the bounds of due process in varying degrees. Wisconsin's statute may well be one of the vulnerable ones.

Yet, to the extent that the statute can be reasonably interpreted to prevent a possible unconstitutional depri-

vation of the plaintiffs' rights in the instant case we are obligated to reach that interpretation. The plaintiffs' interpretation of the statute is reasonable. In addition, the statute as so interpreted, in this case at least, avoids any constitutional issue. Were we to hold, as the defendants argue, that the period of limitations commenced on the date Kurtz last performed services, we would be reaching a meaning inconsistent with the prefatory statute, sec. 893.14, Stats., that tells us that the statute of limitations for sec. 893.155 commences when the cause of action "accrues." We also might well be obliged to face the constitutional challenge that would arise out of that same inconsistency on the face of the statute, *i.e.,* the recognition of a vested right to a cause of action in sec. 893.14 and the unconstitutional denial of the right in sec. 893.155 of a remedy afforded by art. I, sec. 9, Wisconsin Constitution. In addition, the denial of property, *i.e.,* a cause of action recognized by law, could well run afoul of the fourteenth amendment of the United States Constitution.

We accordingly conclude, consonant with the plaintiffs' contention, that the statute can reasonably be read to commence the period of limitations at the time all construction on the improvement to real property has been completed. Under such interpretation, the plaintiffs are deprived of no right and a constitutional question in this case may be avoided.

We do not find the defendants' interpretation unreasonable, but to hold as they urged would invoke various constitutional and public policy considerations that would put sec. 893.155, Stats., *in toto,* in constitutional jeopardy and would probably require a finding that the statute was unconstitutionally infirm.

We have herein interpreted sec. 893.155, Stats., to give as great latitude as possible to the plaintiffs to assert their rights under that statute. By so doing we do not validate the statute, nor do we adopt the discovery

rule that we have precluded ourselves from adopting (in malpractice cases only) in *Peterson v. Roloff, supra.* It would appear, however, that in the future we well might be confronted with a situation where the lawsuit was commenced when the defect was discovered but more than six years after both the performance of services and completion of construction. We need not in this case resolve the hypothetical problem presented. Suffice it to say that such case would pose the application of a discovery rule, similar to that urged in malpractice cases, and a challenge to the constitutionality of the statute.

In this case, however, we hold that the statute reasonably and constitutionally interpreted permits the bringing of a cause of action within six years following the performance of service *and* completion of construction.

Although the appeal was from a summary judgment, the issues handled by the trial judge were substantially those that would be raised on a demurrer on the grounds that the period of limitations had run. He did not deal with whether there was a material factual dispute going to the merits. We, accordingly, treat this as a decision on demurrer, and a future motion on summary judgment is not barred. The action was timely brought.

*By the Court.*—Judgment and order reversed, and cause remanded for further proceedings.

The following opinion was filed April 2, 1974:

PER CURIAM *(on motion for rehearing).* The defendants have based a motion for rehearing, in part, on their assertion that sec. 893.155, Stats., is constitutional. Contrary to the defendants' apprehensions, however, the court did not find the statute unconstitutional. The court noted that neither party had standing to raise the constitutional issue, and the court expressly avoided an interpretation of sec. 893.155 that could raise the constitutional issue.

The motion for rehearing is denied without costs.