UNITED STATES FIRE INSURANCE COMPANY, a foreign corporation, and United States Oil Company, Inc., a Wisconsin corporation, Plaintiffs-Appellants,†

v.

E. D. WESLEY COMPANY, a Wisconsin corporation, and Brey, Stuewe & Braun, Inc., a Wisconsin corporation, Defendants-Respondents.

Court of Appeals

No. 80–017. Submitted on briefs November 19, 1980.— Decided December 26, 1980.
(Also reported in 301 N.W.2d 271.)

† Petition to review granted. CALLOW, J., took no part.

For the plaintiffs-appellants the cause was submitted on the briefs of *Kasdorf, Dall, Lewis & Swietlik, S.C.,* and *Michael A. Mesirow,* of counsel, of Milwaukee.

An amicus curiae brief was filed by *Cook & Franke, S.C.,* and *Harry F. Franke, Jr.,* and *Anthony H. Driessen,* of counsel, of Milwaukee.

For the defendant-respondent E. D. Wesley Company the cause was submitted on the brief of *Prosser, Wiedabach & Quale, S.C.,* and *George W. Greene* and *Russell T. Golla,* of counsel, of Milwaukee.

For the defendant-respondent Brey, Stuewe & Braun, Inc., the cause was submitted on the brief of *Dewane, Gregorski, Dewane & Kummer* and *Lee H. Kummer*, of counsel, of Milwaukee.

Before Decker, C.J., Moser, P.J., and Cannon, J.

CANNON, J. Plaintiffs appeal from separate judgments dismissing E. D. Wesley Co. (Wesley) and Brey, Stuewe & Braun, Inc. (Brey) on the ground that the statute of limitations, sec. 893.155, Stats.,[1] barred the cause of action. We reverse and remand the judgment dismissing Brey. We affirm the judgment dismissing Wesley.

Plaintiffs commenced this action for damages sustained when an underground pipeline burst in 1978 resulting in an oil spill which injured the property of United States Oil Company Inc. and that of certain third parties. The pipeline was designed, constructed, and installed by Dravo Corporation (Dravo),[2] Brey and Wesley in 1953.

---

[1] Section 893.155, Stats. provides:

Within 6 years; Improvements to Real Property. No action to recover damages for any injury to property, or for an injury to the person, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained on account of such injury, shall be brought against any person performing or furnishing the design, land surveying, planning, supervision of construction, materials or construction of such improvement to real property, more than 6 years after the substantial completion of construction. If the injury or defect occurs or is discovered more than 5 years but less than 6 years after the substantial completion of construction, the time for bringing the action shall be extended 6 months.

(Section 893.155, Stats. has been renumbered to sec. 893.89. Sec. 28, ch. 323, Laws of 1979.)

[2] During the pendency of this appeal, a settlement was reached between Dravo and plaintiffs. Dravo is no longer a party to this appeal.

Dravo and Wesley answered separately denying negligence and raising as an affirmative defense the running of the statute of limitations. Brey answered denying negligence, but raising no affirmative defenses. In a memorandum decision the trial court granted the motions of Dravo and Wesley to dismiss. The trial court concluded that as the action was commenced more than six years after the substantial completion of construction, the action was barred by sec. 893.155, Stats.

Brey subsequently requested and was granted leave to amend its answer to incorporate the statute of limitations as an affirmative defense. Judgment was then entered dismissing Brey.

Four issues are presented for our determination:

1. Did the trial court abuse its discretion in permitting Brey to amend its answer;
2. Did the trial court err in concluding that an underground oil pipeline was an "improvement to real property" within the scope of sec. 893.155, Stats.;
3. Did the trial court err in concluding that the application of sec. 893.155, Stats. to this cause of action would not be retroactive; and
4. Did the trial court err in concluding that the application of sec. 893.155, Stats. was not violative of plaintiffs' due process rights?

## AMENDMENT OF ANSWER

Plaintiffs first assert that the trial court erred in permitting Brey to amend its answer so as to incorporate the statute of limitations defense. We find that the trial court abused its discretion and reverse.

It is within the trial court's discretion to permit amendment of pleadings, and the trial court will not be reversed on appeal absent an abuse of discretion. *Stanhope v. Brown County*, 90 Wis.2d 823, 834, 280 N.W.2d

711, 715 (1979). However, this standard contemplates that the discretion will be exercised and that the basis for the court's reasoning will be set forth in the record. *Charolais Breeding Ranches, Ltd. v. Wiegel,* 92 Wis.2d 498, 510, 285 N.W.2d 720, 726 (1979). Failure to do so constitutes an abuse of discretion and requires that we reverse and remand the case for reconsideration by the trial court. *Wisconsin Association of Food Dealers v. City of Madison,* 97 Wis.2d 426, 435, 293 N.W.2d 540, 545 (1980).

Here, the order states that the trial court heard oral arguments and considered all pleadings, papers, and affidavits submitted by the parties. However, the record does not disclose the basis for the court's conclusion. Accordingly, we must reverse and remand the cause of action as to Brey to the trial court for *de novo* consideration.

### IS THE PIPELINE AN "IMPROVEMENT" UNDER SEC. 893.155?

We reject plaintiffs' contention that the oil pipeline is not an "improvement to real property" within the scope of sec. 893.155, Stats.

The interpretation of words in a statute is a question of law for the court. *Kallas Millwork Corp. v. Square D Co.,* 66 Wis.2d 382, 386, 225 N.W.2d 454, 456 (1975). In *Kallas* our supreme court applied the ordinary definition of "improvement" contained in Webster's, *Third International Dictionary* (1965) which states: " '[A] permanent addition to or betterment of real property that enhances its capital value and that involves the expenditure of labor or money and is designed to make the property more useful or valuable as distinguished from ordi-

nary repairs.' " *Id.*, 225 N.W.2d at 456–57. It cannot be reasonably contended that the oil pipeline does not fall within this definition. We, accordingly, hold that the oil pipeline is an "improvement to real property" within the meaning of sec. 893.155, Stats.

## APPLICATION OF SEC. 893.155, STATS.
## AS PROSPECTIVE

Plaintiffs contend that the application of sec. 893.155, Stats. to the facts of this case would be retroactive as the construction of the pipeline was completed prior to the enactment of that statute. We disagree.

Section 893.155, Stats. by its terms applies to "actions." It is well established that a cause of action in a negligent construction case does not accrue until an injury occurs. *Hunter v. School District*, 97 Wis.2d 435, 442–43, 293 N.W.2d 515, 519 (1980) ; *Crawford v. Shepherd*, 86 Wis.2d 362, 368, 272 N.W.2d 401, 403 (Ct. App. 1978) ; *Tallmadge v. Skyline Construction, Inc.*, 86 Wis. 2d 356, 359, 272 N.W.2d 404, 405 (Ct. App. 1978).

The completion of construction of the pipeline in 1953 was insufficient to vest plaintiffs with a cause of action. The oil spill did not occur, and the action did not accrue until 1978. This was well after the 1976 effective date of sec. 893.155, Stats. The application of sec. 893.155 is thus prospective under these facts.

## CONSTITUTIONALITY OF SEC. 893.155, STATS.

We also reject plaintiffs' claim of a violation of plaintiffs' due process rights contrary to art I, §9 of the Wisconsin Constitution and the fourteenth amendment to the United States Constitution.

A statute which destroys a vested property right impinges upon a party's due process rights. *Hunter, supra,* at 445–46, 293 N.W.2d at 520. However, no violation may occur until a vested property right is in existence. The plaintiff here had no vested property right until the pipeline burst and injury was sustained. *Id.* This was subsequent to the enactment of sec. 893.155, Stats. and, therefore, precludes a determination that the statute is unconstitutional.

We distinguish this case from a case where an injury has occurred and the cause of action has accrued prior to the statute's enactment. *Id.*

We hold that the trial court properly concluded that sec. 893.155, Stats. bars plaintiffs' cause of action against Wesley.

*By the Court.*—Judgment against Brey reversed and cause remanded with directions. Judgment against Wesley affirmed.