# HARTLAND-RICHMOND TOWN INSURANCE COMPANY; Plaintiff-Appellant,†

v.

# Roland WUDTKE, Defendant,

# SENTRY INSURANCE COMPANY, a Mutual Company, Defendant-Respondent,

# Jacqueline KORTH and Ewald Korth, Involuntary-Plaintiffs-Appellants.

### Court of Appeals

*No. 87–1780. Submitted on briefs March 29, 1988.—Decided July 12, 1988.*

(Also reported in 429 N.W.2d 496.)

---

† Petition to review pending. This petition was not disposed of at the time the volume went to press. Its disposition will be reported in a later volume.

For plaintiff-appellant, Hartland-Richmond Town Insurance Company, there were briefs by *Kristi L. Fry* of *Herrick, Bilka & Fry, S.C.,* Fond du Lac.

For defendant-respondent, Sentry Insurance Company, a Mutual Company, there was a brief by *Mark A. Pennow* of *Denissen, Kranzush, Mahoney & Ewald, S.C.,* Green Bay.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.   Hartland-Richmond Town Insurance Company (Hartland-Richmond) appeals a judgment and order dismissing its complaint against Roland Wudtke and his insurer, Sentry Insurance Company, for failure to commence the action within six years as required by sec. 893.89, Stats.[1] Hartland-Richmond contends that sec. 893.89 violates the equal protection clauses of the United States and Wisconsin Constitu-

---

[1] At the time of the damage to the building the applicable Wisconsin statute was sec. 893.155 (1977) Stats., which was subsequently renumbered to sec. 893.89, ch. 323, Laws of 1979. In the interest of clarity we will refer to sec. 893.89 during the opinion. Section 893.89 provides:

> Action for injury resulting from improvements to real property. No action to recover damages for any injury to property, or for an injury to the person, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained on account of such injury, shall be brought against any person performing or furnishing the design, land surveying, planning, supervision of construction, materials or construction of such improvement to real property, more than 6 years after the substantial completion of construction. If the injury or defect occurs or is discovered more than 5 years but less than 6 years after the substantial completion of construction, the time for bringing the action shall be extended 6 months.

tions, and art. I, sec. 9, of the Wisconsin Constitution. We disagree and affirm the dismissal of the complaint.

In 1978, Roland Wudtke installed the electrical wiring in a building being constructed for Jacqueline and Ewald Korth. At that time, Wudtke had liability insurance with Sentry Insurance. In April, 1986, a fire destroyed the Korths' building and its contents, all of which was insured by Hartland-Richmond. Hartland-Richmond paid the Korths $72,111.84 in accordance with the terms of the insurance policy. It then commenced an action against Wudtke and Sentry Insurance alleging that a defect in Wudtke's workmanship in 1978 caused the fire and resulting losses. The parties agree that the building was substantially completed more than six years before the fire. Sentry Insurance brought a motion to dismiss based on the six-year statute of limitations in sec. 893.89, which the trial court granted.

Hartland-Richmond advances two arguments challenging the constitutionality of sec. 893.89.[2] First, Hartland-Richmond argues that sec. 893.89 violates the equal protection clauses of the United States and Wisconsin Constitutions because it treats those involved with making improvements to real property (*e.g.,* architects, builders, materialmen) differently from the owners or occupants of the real property. For the purpose of this discussion, we will treat the state and federal equal protection clauses as identical.[3]

[2]Hartland-Richmond does not raise the issue of whether sec. 893.89 operated so as to deny it due process, so we need not address that issue. *La Crosse County v. City of La Crosse,* 108 Wis. 2d 560, 571–72, 322 N.W.2d 531, 536 (Ct. App. 1982).

[3]Because the parties do not argue that the state and federal provisions differ, we treat them the same.

An individual challenging the constitutionality of a statute based on the denial of equal protection must have standing to do so. One cannot "challenge the unequal protection afforded to members of a class unless he is a member of that class." *Wirth v. Ehly,* 93 Wis. 2d 433, 448–49, 287 N.W.2d 140, 148 (1980).

Hartland-Richmond lacks standing to challenge sec. 893.89 on the basis of a denial of equal protection because neither it nor its insureds, the Korths, are denied the protection provided by the statute of limitations under the facts of this case. Thus, they are not members of the class subject to the unequal protection of which they complain. Section 893.89 provides that a six-year statute of limitations begins to run upon the substantial completion of construction for actions against those involved in construction. However, neither the owner nor occupant of the property receive the same protection.

Had a third party been injured or suffered damage and brought suit against the Korths for damages caused by the negligence of someone protected by the statute, the Korths would have standing to claim that sec. 893.89 denied them equal protection. This case, however, does not present a situation where owners are being denied the protection afforded others by sec. 893.89. The complainant is not a third party seeking to hold the owner liable for injury caused by the negligence of someone who is protected by sec. 893.89. Rather, the complainant is an owner seeking to bring an action against a party protected by sec. 893.89. Therefore, Hartland-Richmond lacks standing to challenge sec. 893.89 on equal protection grounds; whether

an owner should or must be protected by the limitations in sec. 893.89 is irrelevant.

Even were we to conclude that Hartland-Richmond has standing to assert a denial of equal protection claim, it appears that this challenge would fail. Statutes carry a heavy presumption of constitutionality, and the party challenging a statute has the burden of proving its unconstitutionality beyond a reasonable doubt. *Chappy v. LIRC,* 136 Wis. 2d 172, 184–85, 401 N.W.2d 568, 573–74 (1987). Every presumption will be indulged to sustain the law if at all possible. *State ex rel. Hammermill Paper Co. v. La Plante,* 58 Wis. 2d 32, 46, 205 N.W.2d 784, 792 (1973).

A legislative classification will be held violative of constitutional guarantees of equal protection only if it is arbitrary and without a rational basis and has no reasonable purpose or reflects no justifiable public policy. *Kallas Millwork Corp. v. Square D Co.,* 66 Wis. 2d 382, 388, 225 N.W.2d 454, 458 (1975). In particular, limitation periods are subject to a relatively large degree of legislative control and will not be overturned as long as there are "some conceivable facts that may be thought to justify the difference in treatment." *Ortman v. Jensen & Johnson, Inc.,* 66 Wis. 2d 508, 522, 225 N.W.2d 635, 643 (1975). Therefore the issue is whether a rational basis exists for treating architects, contractors, and others associated with the construction of a building differently from the owner or person in control of the building.

We note that this issue was raised and considered by the legislature at the time the statute was adopted. Generally, legislative declarations of policy are given

great weight in determining the constitutionality of a statute. *State ex rel. Warren v. Nusbaum,* 64 Wis. 2d 314, 323 n. 17, 219 N.W.2d 577, 582 n. 17 (1974) (citing *State ex rel. Warren v. Reuter,* 44 Wis. 2d 201, 212, 170 N.W.2d 790, 794 (1969). Architects, contractors, and others associated with the construction of a building leave the building site following completion and thereafter have limited, if any, contact with the structure. An owner or occupant, on the other hand, continues in possession of the building and is charged with maintaining the property and identifying reasonably discoverable defects or deficiencies. Section 1(1)(a) and (b), ch. 335, Laws of 1975. On this basis, the legislature established a six-year period after the substantial completion of construction during which a claim against those associated with the construction must be brought or be barred.

We recognize that in *Kallas* the Wisconsin Supreme Court held sec. 893.155, Stats. (1971), a predecessor to sec. 893.89, unconstitutional on the basis that it denied equal protection of the law:

> While there are public policy reasons that might justify a limitations period that takes into consideration those who are engaged in the construction business, there appears no reason why only a very restricted class of those thus occupied is protected by the statute.

*Kallas,* 66 Wis. 2d at 391, 225 N.W.2d at 459. The statute held unconstitutional in *Kallas* only applied to some individuals involved in construction and did not extend to materialmen. However, in 1975, the legislature corrected this by amending sec. 893.89, responding to the *Kallas* decision by expanding the class of persons protected.

*Kallas* did not hold that the distinction in sec. 893.89 between those associated with construction and owners or occupants constituted a denial of equal protection. The modifications made in 1975 appear to have rectified the equal protection problems of sec. 893.155 (1971), identified in *Kallas*. While some of what was viewed critically by the court in *Kallas* remains in sec. 893.89, the grounds upon which sec. 893.155 was found unconstitutional have been corrected. We conclude that both the legislatively-perceived need to cut off claims at some point and the reasons why the legislature chose to distinguish between owners or occupants and those involved in construction provide a rational basis for the classification created in sec. 893.89.

Second, Hartland-Richmond claims that sec. 893.89 violates art. I, sec. 9, of the Wisconsin Constitution because it operates to bar its cause of action before the alleged defect in workmanship that caused the fire was discovered. Hartland-Richmond reasons that to bar recovery for injuries or damage caused by a defect that was unknown and could not be known within the statutory period for filing such actions denies plaintiff a remedy for a legislatively-recognized wrong in violation of art. I, sec. 9.

Article I, sec. 9, provides:

> Every person is entitled to a certain remedy in the laws for all injuries, or wrongs which he may receive in his person, property, or character; he ought to obtain justice freely, and without being obliged to purchase it, completely and without denial, promptly and without delay, conformably to the laws.

Article I, sec. 9, originated out of concerns that citizens not be forced to bribe public officials to get into court. *Christenson v. Pioneer Furniture Co.,* 101 Wis. 343, 347–48, 77 N.W. 174, 175 (1898); cited with approval in *State v. Halverson,* 130 Wis. 2d 300, 304–05, 387 N.W.2d 124, 126–27 (Ct. App. 1986). Accordingly, art. I, sec. 9, provides persons the right of access to the courts to obtain justice based *on the law as it exists;* it does not confer any legal rights. *Messner v. Briggs & Stratton Corp.,* 120 Wis. 2d 127, 134, 353 N.W.2d 363, 366 (Ct. App. 1984) (emphasis in original). It guarantees a remedy stemming from injuries that result from an "invasion or infringement of a legal right or a failure to discharge a legal duty ...." *Scholberg v. Itnyre,* 264 Wis. 211, 213, 58 N.W.2d 698, 699 (1953). Hartland-Richmond's "right" here is defined and limited by the applicable limitations period.

The Wisconsin Supreme Court has never expressly held sec. 893.89 or its predecessors unconstitutional on the basis of art. I, sec. 9, although the court has said in dicta several times that it might be. *See Kallas,* 66 Wis. 2d at 393, 225 N.W.2d at 460; *Rosenthal v. Kurtz,* 62 Wis. 2d 1, 213 N.W.2d 741 (1974); *United States Fire Ins. Co. v. E.D. Wesley Co.,* 105 Wis. 2d 305, 311–13, 313 N.W.2d 833, 836–37 (1982). Such a holding would have a significant effect on the latitude of the legislature to draft statutes of limitations. To be constitutional, no limitations period could begin to run until the injury or damage involved had been or should have been discovered. Given the limited reading of this provision historically, we believe that the adoption of a broader interpretation of art. I, sec. 9 should be made, if it is to be made at all, by this state's highest court.

In 1973, the supreme court in *Rosenthal,* suggested that sec. 893.155 posed art. I, sec. 9, problems. However, the basis for these concerns no longer exists. In *Rosenthal,* the court considered sec. 893.155, Stats. (1971), together with sec. 893.14, Stats. (1971), which provided:

> the following actions must be commenced within the periods respectively hereinafter prescribed after the cause of action has accrued ....

The court said that the presence of this section as a preface to sec. 893.155 seemed to indicate that a right of action exists subject to a bar of limitations. *Rosenthal,* 62 Wis. 2d at 8, 213 N.W.2d at 744. They based this on the premise that under Wisconsin tort law, a defect of design or construction does not ripen into an accrued cause of action until an injury is inflicted or damage sustained. *Id.* at 6, 213 N.W.2d at 743. Therefore, sec. 893.14 recognized a right of action that arises when the injury is sustained, and an attempt by sec. 893.155 to cut off this vested right before it accrues raised art. I, sec. 9, problems. *Rosenthal,* 62 Wis. 2d at 8, 213 N.W.2d at 744; *see Kallas,* 66 Wis. 2d at 387–88, 225 N.W.2d at 457.

This is no longer true. The legislature specifically addressed the above concerns, correcting any potential art. I, sec. 9, defects. The enabling legislation for sec. 893.155, Stats. (1977), reverses the previous statutory and common-law definition of "accrual" by providing:

> [a] cause of action, for the purposes of sec. 893.14 of the statutes, shall be deemed to accrue as of the time of the alleged wrongful act.

Section 1(2)(c), ch. 335, Laws of 1975. Therefore, the only legislatively-recognized "right" Hartland-Richmond had against Wudtke or his insurer was to bring an action within six years after the substantial completion of the building. Once this period expired, Hartland-Richmond's "right" was extinguished. *Maryland Casualty Co. v. Beleznay,* 245 Wis. 390, 394, 14 N.W.2d 177, 179 (1944). Section 893.89 does not run afoul of art. I, sec. 9, because six years after substantial completion, Hartland-Richmond no longer had a legally-recognized right for which it was being denied a remedy. Unless there is a statutory foundation for suit, art. I, sec. 9, does not confer on plaintiffs the right to bring a cause of action. *Oliver v. Travelers Ins. Co.,* 103 Wis. 2d 644, 650, 309 N.W.2d 383, 386 (Ct. App. 1981), citing *Mulder v. Acme-Cleveland Corp.,* 95 Wis. 2d 173, 189–90, 290 N.W.2d 276, 284 (1980).

Alternatively, Hartland-Richmond urges this court to hold that, despite clear statutory language to the contrary, the limitations period did not begin to run until the injury was discovered, *i.e.,* at the time of the fire. We decline to do so.

The Wisconsin Supreme Court has adopted the discovery rule "for all tort actions other than those already governed by a legislatively created discovery rule." *Hansen v. A.H. Robins, Co.,* 113 Wis. 2d 550, 560, 335 N.W.2d 578, 583 (1983). These tort claims accrue on the date the injury is discovered or with reasonable diligence should have been discovered, whichever occurs first. *Id.*

It appears that only one of the Wisconsin cases discussing the application of this rule involved a situation where the legislature had clearly defined when the cause of action accrued or was deemed to have accrued. This court has stated that the *Hansen*

holding "implicitly challenges the constitutionality of sec. 893.89 by creating the potential for a situation where the action for negligence against a builder could be extinguished before it accrues." *Holy Family v. Stuberauch Assocs.*, 136 Wis. 2d 515, 526 n.5, 402 N.W.2d 382, 387 n.5 (Ct. App. 1986), citing, art. I, sec. 9, of the Wisconsin Constitution. However, we did not need to decide the possible applicability of *Hansen* to sec. 893.89. *Id.*

The *Hansen* discovery rule was based not on a constitutional mandate but, rather, judicial policy making. The court was merely defining when a claim "accrues" for limitations purposes when the legislature was silent on the issue. *Hansen,* 113 Wis. 2d at 559, 335 N.W.2d at 582.

In contrast, in sec. 893.89 the legislature has expressly dictated that the limitations period begins to run upon substantial completion of construction. *Hansen* does not require, and the doctrine of separation of powers does not allow, us to rewrite sec. 893.89.

We conclude that sec. 893.89 does not violate art. I, sec. 9, and has not denied Hartland-Richmond equal protection of the law, even if it has standing to challenge sec. 893.89 on that basis. Therefore, we affirm the trial court's dismissal of its complaint because it is barred by sec. 893.89.

*By the Court.*—Judgment and order affirmed.