## GIESE vs. SCHULTZ.

*April 11 — May 15, 1884.*

CHANGE OF VENUE. *(1) Personal knowledge of judge: ¯ Presumption. (2) Court to which cause is sent cannot annul the order.*

1. The circuit judge may act, in part, upon his own knowledge in ordering the venue of an action to be changed on the ground that an impartial trial cannot be had in the county where it is pending; and when an order is made upon that ground it will be assumed that the judge was satisfied that there was good reason to believe that such impartial trial could not be had.
2. Unless an order changing the venue of an action is without authority and void, the court to which the action is sent cannot annul the order and remit the cause.

APPEAL· from the Circuit Court for *Winnebago* County. The case is thus stated by Mr. Justice CASSODAY:

" This action was commenced in 1879 in the municipal court of Ripon, and, upon a trial, verdict and judgment were rendered in favor of the plaintiff. The judgment was reversed on appeal to this court. Thereupon the venue was changed to the circuit court for Green Lake county, on the ground of the prejudice of the municipal judge. Upon a trial in Green Lake county the plaintiff obtained another verdict, which was set aside and a ̄new trial ordered by the circuit court for Green Lake county, in January, 1883.

" The defendant thereupon made application to change the venue, based upon the affidavit of the defendant, and the record papers on file, *and proceedings theretofore had in the cause.* The affidavit annexed to the notice was to the effect that the defendant had good reason to believe and did believe that he could not have a fair trial of the action on account of the prejudice of the people of Green Lake county, wherein the action was then pending, and prayed for a change of the place of trial. The plaintiff's attorney was present at

the hearing of the motion, and it was ordered, April 30, 1883, at a special term for Green Lake county, that the place of the trial of the action be, and the same was thereby, changed to the circuit court for Winnebago county, at the cost of the defendant. To that order the plaintiff took no exception. That order was duly entered, and the records and papers in the cause were transmitted to the circuit court for Winnebago county in conformity thereto. May 2, 1883, the defendant's attorneys gave to the plaintiff's attorney written notice of the entry of the order.

" September 18, 1883, the plaintiff served on the defendant's attorneys, an order from said last-named court to show cause, September 22, 1883, why the order made by the circuit court for Green Lake county at a special term thereof, April 30, 1883, changing the venue to the circuit court for Winnebago county, should not be set aside, and the cause remanded to the circuit court for Green Lake county. That order to show cause was based upon affidavits tending to show that ch. 314, Laws of 1883, never in fact passed the senate, and that the plaintiff and her attorney were neither of them aware of the fact until after the order of April 30, 1883, had been made, and the papers and records been transmitted in pursuance thereof. On hearing the motion to remand, September 22, 1883, and on motion of the plaintiff's attorney, the circuit court for Winnebago county ordered in effect that the order made by the circuit court for Green Lake county at a special term thereof, April 30, 1883, be, and the same was thereby, annulled, and that all the records, files, and proceedings therein be transmitted by the clerk of the circuit court of Winnebago county to the circuit court of Green Lake county. From that order the defendant appealed."

For the appellant there was a brief by *Cotzhausen, Sylvester, Scheiber & Jones*, and oral argument by *Mr. Jones*. To the point that even if the order of April 30, 1883, was neces-

sarily based on ch. 314, Laws of 1883, still that enactment cannot be impeached by legislative journals or indorsements on the engrossed bill, they cited: *King v. Arundel*, Hobart, 110; *Pacific R. R. v. Governor*, 23 Mo., 362; *Sherman v. Story*, 30 Cal., 253; *Fowler v. Peirce*, 2 id., 165; *State ex rel. Pangborn v. Young*, 32 N. J. Law, 29; *Fouke v. Fleming*, 13 Md., 412; *Eld v. Gorham*, 20 Conn., 8; *Green v. Weller*, 32 Miss., 650; *Brodnax v. Groom*, 64 N. C., 244; *People v. Devlin*, 33 N. Y., 279–286; *Evans v. Browne*, 30 Ind., 514; *State v. Swift*, 10 Nev., 176; *Swann v. Buck*, 40 Miss., 268; *Speer v. Plank Road Co.*, 22 Pa. St., 376; *People v. Burt*, 43 Cal., 560; *People v. Commissioners*, 54 N. Y., 276; *Mayor v. Harwood*, 32 Md., 471; *La. State Lottery Co. v. Richoux*, 23 La. Ann., 743.

The cause was submitted for the respondent on the brief of *E. L. Runals.* He contended, *inter alia*, that ch. 314, Laws of 1883, was never passed by the senate, and hence never became a law, referring to Senate Journal, 1883, pp. 136, 446; Assembly Journal, 1883, p. 734; and the engrossed bill (No. 400, A.) on file in the office of the secretary of state. To the point that the court might go behind the printed statute to determine whether it was properly enacted, he cited: 8 Dyer, 93; 8 Coke, 28; 1 Strange, 446; 3 Burr., 1472; 43 Ala., 721; 5 Bush, 680; 8 Ind., 156; 2 id., 558; 63 Mo., 376; 3 Ohio St., 475; 2 S. C., 150; 52 N. H., 622; 48 Ala., 115; 62 Ill., 253; 63 id., 157; 5 W. Va., 85; 13 Mich., 481; 35 N. H., 579; 14 Ill., 297; 2 Cal., 165; 2 Wall., 499; 68 Ill., 160; 42 Md., 203; 50 Miss., 68, 802; 70 Ill., 166; 81 id., 288; 4 Lea (Tenn.), 608; 6 id., 549; 47 Mich., 520; 5 Cal., 525; Cooley's Con. Lim., 135; 19 Ark., 250; 28 id., 321; 27 id., 278; 31 id., 716; 43 Ala., 723; 32 Ark., 496; 24 Minn., 78; 54 Cal., 111; 105 U. S., 667; 38 Am. Rep., 793; 65 Ga., 499; 26 Kan., 724; 2 Minn., 331; 17 Ill., 151; 43 Ala., 721; 5 Ohio, 358; 20 Ohio St., 1; 11 Ind., 430; 53 Tex., 343; 6 Wall., 499; 94 U. S., 260; 41 Md., 446; 32

Miss., 650; 19 Ill., 324; 25 id., 181; 35 id., 121; 68 id., 160; 45 Wis., 543; 23 Wend., 137, 138; 2 Hill, 34, 35, 43; 4 id., 390, 394, 404, 415, 416; 1 Denio, 18; 8 N. Y., 329; 33 id., 269, 284.

CASSODAY, J.    Independent of ch. 314, Laws of 1883, we are inclined to think that the circuit court for Green Lake county had the jurisdiction, and hence the authority, to make the order of April 30, 1883, changing the venue from that court to the circuit court for Winnebago county.    The cause had once been tried in the circuit court for Green Lake county, and the verdict in favor of the plaintiff set aside, and a new trial ordered by the judge of that court. The judge of that court, therefore, necessarily knew of his own knowledge whether there was good ground for removing the cause from that county by reason of the prejudice of the people living therein, under subd. 2, sec. 2622, R. S. That he had the right to base his action upon such knowledge, at least in part, has often been held by this court. *Cartright v. Town of Belmont*, 58 Wis., 377; *Ross v. Hanchett*, 52 Wis., 496, 497, and cases there cited.    We must assume that the circuit court for Green Lake county, and the presiding judge thereof, was, at the time of making the order of April 30, 1883, satisfied that there was good reason for believing that an impartial trial could not be had in that county.

The granting of the application to remove the cause, April 30, 1883, was, under the circumstances, within the sound discretion of the court in which the action was then pending, and hence its determination of the question would not be disturbed unless there had been an abuse of discretion, even upon a direct appeal.    *Ross v. Hanchett, supra.* But here the order was annulled and set aside by another and different court more than three months and a half after written notice of its entry had been given, and when there

was no longer any right to appeal therefrom. The order of nullification, being made by the circuit court for Winnebago county, was clearly not made by and at the same term of the circuit court of Green Lake county at which the order of April 30, 1883, was made and entered. Certainly the order of nullification made September 22, 1883, cannot be sustained, unless it be on the theory that the order of April 30, 1883, was not only irregular, but absolutely null and void. Being unable to so hold, for the reasons given, the order of the circuit court is reversed, and the cause is remanded for further proceedings according to law.

*By the Court.*— Ordered accordingly.