Daniel SCHROEDER and Victor Schroeder,
Plaintiffs-Respondents,

v.

REGISTER PUBLISHING CORPORATION, Shawano Evening
Leader Company, Chippewa Publishing Co., Inc.,
Baraboo Publishing Co., Inc., John M. Lavine and
Greg Smith, Defendants-Appellants. [Case No.
84–1320.]

STATE EX REL. REGISTER PUBLISHING CORPORATION, Sha-
wano Evening Leader Company, Chippewa Publish-
ing Co., Inc., Baraboo Publishing Co., Inc., John M.
Lavine and Greg Smith, Petitioners,

v.

CIRCUIT COURT FOR DANE COUNTY, the Honorable Richard
W. Bardwell, presiding, Daniel Schroeder and Victor
Schroeder, Respondents. [Case No. 84–1321–W.]

Supreme Court

*Nos. 84–1320, 84–1321–W. Argued April 2, 1985.—
Decided June 24, 1985.*

(Also reported in 369 N.W.2d 387.)

For the defendants-appellants and petitioners there were briefs by *James P. Brody, Thomas L. Shriner, Jr.* and *Foley and Lardner,* Milwaukee, and oral argument by *Mr. Brody.*

For the plaintiffs-respondents, Daniel Schroeder and Victor Schroeder, there was a brief by *Gordon James Arnett,* Chicago, Illinois.

For the respondent, Circuit Court for Dane County, the cause was argued by *James H. McDermott,* assistant attorney general, with whom on the briefs was *Bronson C. La Follette,* attorney general.

HEFFERNAN, Chief Justice.   This is an appeal from an order of the circuit court for Dane county, Richard W. Bardwell, circuit judge, refusing to accept venue of a case transferred from Adams county and returning the case to Adams county. We have accepted this appeal on certification from the court of appeals, pursuant to sec. (rule) 809.61, Stats.[1] The issue posed on certification is whether a circuit court may refuse to accept venue of a case transferred by order of a circuit court for a different county, pursuant to a stipulation of the parties and in conformity with sec. 801.54(3), Stats. 1981–82.

We conclude that the circuit court for Dane county was without authority to refuse to accept the transferred case. We therefore vacate the order of the circuit court for Dane county.

---

[1] The petitioners, Register Publishing Corporation, Shawano Evening Leader Company, Chippewa Publishing Co., Inc., Baraboo Publishing Co., Inc., John M. Lavine and Greg Smith, filed alternative petitions with the court of appeals, seeking either leave to appeal the nonfinal order of the Dane county circuit court, under sec. 808.03(2), Stats., or a supervisory writ under sec. 809.51, requiring the circuit court to accept the transferred case. The court of appeals certified both petitions to this court. By certifying the permissive appeal to this court, we consider that the court of appeals implicitly granted leave to appeal. In our order of October 16, 1984, we accepted jurisdiction of both petitions. Because we decide this matter as an appeal, we find it unnecessary to address the petition for a supervisory writ. Accordingly, we dismiss the petition for a supervisory writ.

The facts giving rise to this appeal are as follows. On March 22, 1984, Daniel and Victor Schroeder commenced an action for libel and malicious prosecution in the circuit court for Adams county by filing a complaint. The Schroeders named as defendants John M. Lavine, who is the owner of the *Portage Daily Register* and several other daily newspapers, the newspapers published by Lavine, and several employees of the newspapers.

The Schroeders' allegations of malicious prosecution and libel stem from an encounter between a reporter for the *Portage Daily Register* and Daniel Schroeder on Schroeder's farm in Columbia county. The Schroeders allege that in December of 1981, the *Register* reporter, without permission, took several photographs of a school bus parked on Schroeder's farm. Schroeder apparently demanded and received the reporter's undeveloped film. A criminal complaint alleging the theft of the film was filed against Daniel Schroeder in Columbia county by the Columbia county district attorney. The criminal theft charge against Daniel went to trial before Circuit Judge Raymond E. Gieringer.[2] Daniel was acquitted of the charge in December, 1982. In the present civil action, the Schroeders allege that the theft prosecution, instigated by Lavine, was malicious and that Lavine newspapers' coverage of the episode was libelous.

The Schroeders' civil complaint specifically alleges that the Lavine newspaper coverage of the incident involving

[2] Judge Gieringer is a circuit judge for Adams county. The exact circumstances of the transfer of the criminal theft case from Columbia county to Adams county are not clear from the record before this court. The Schroeders' complaint states that Daniel was "acquitted on December 7, 1982 in Columbia County, after a full day's trial in Adams County." The record of the criminal case is not before this court, and we cannot determine whether this was a Columbia county case tried by Judge Gieringer as acting Columbia county circuit judge, or an Adams county case.

the *Register* reporter's photographs and film make it impossible for the plaintiffs, Daniel and Victor Schroeder, to get a fair trial in any county in which the Lavine newspapers are distributed. The complaint states:

"Because of the continuing series of articles in the Lavine newspapers, holding members and alleged members of Posse Comitatus up to ridicule, contempt and scorn, and falsely charging the Schroeders, plaintiffs herein, with being members and leaders, Daniel was unable, and plaintiffs will be unable, to obtain a fair trial in any counties where the Lavine Group newspapers are distributed."

The defendants filed a demand for change of venue from Adams county to Columbia county, pursuant to sec. 801.53, Stats. 1981–82,[3] claiming that Adams county was not the proper place for trial under sec. 801.50, while Columbia county was. Columbia county, however, is in the distribution area of one of the Lavine newspapers, the *Portage Daily Register,* and thus was not acceptable to the plaintiffs as a place of trial, as stated in their complaint. The attorney for the defendant newspaper group wrote a letter, dated April 11, 1984, to the

---

[3] Sec. 801.53, Stats. (1981–82), provides:

"801.53 **Change of venue to proper county.** When the county designated in the complaint is not the proper place of trial, except as to actions named in s. 801.50(1), the defendant may, within 20 days after the service of the complaint, serve upon the plaintiff a demand in writing that the trial be had within a proper county, specifying the county or counties, and the reason therefor. Within 5 days after service of such demand the plaintiff may serve a written consent that the place of trial be changed, and specify to what county, if the plaintiff has the option to name one and such consent shall change the place of trial accordingly. If the plaintiff's consent be not so served the defendant may, within 20 days after the service of the demand, move to change the place of trial, and the court or the presiding judge shall order the place changed with costs of motion. The right to obtain a change of the place of trial shall not be affected by any other proceedings in the action."

attorney for the Schroeders, asserting that the defendants were prepared to move for a change of venue to Columbia county under sec. 801.53 if the plaintiffs failed to consent to such a change, but suggesting that, as an alternative, the parties stipulate, pursuant to sec. 801.54 (3),[4] to change the place of trial to Dane county.

The attorney for the Schroeders promptly responded and, by letter dated April 14, 1984, informed Judge Gieringer that the parties wished to compromise on the venue issue by stipulating to trial in Dane county. He enclosed a copy of the stipulation in his letter to Judge Gieringer, and apparently sent the original to the defendants' attorney for signature. The defendants' attorney, by letter dated April 18, 1984, forwarded the original signed stipulation and proposed order to change venue to Judge Gieringer. Meanwhile, in contemplation of the possibility that Judge Gieringer might not approve the parties' stipulation and not order venue changed to Dane county, the Schroeders filed a response to the defendants' original demand for change of venue, entitled "Objections to Demand for Change of Venue," disputing the defendants' claim that Adams county was not a proper place of trial. On April 23, 1984, Judge Gieringer signed an order transferring the case to Dane county for trial, as stipulated by the parties, pursuant to sec. 801.54(3), Stats. The order states that:

"This cause coming on upon defendant's Demand for Change of Venue, and the parties having entered into the above Stipulation to Change the Venue to Dane County, and the Court being advised in the premises;

[4] Sec. 801.54(3), Stats. (1981–82), provides:

"801.54 Change of venue, grounds for. The court may change the place of trial in the following cases:

"(3) When the parties or their attorneys shall stipulate in writing to change the place of trial; and, in this case, the order may be made by a judge."

"IT IS HEREBY ORDERED that Case number 84–CV–30 be transferred to Dane County for Trial, without costs to any party."

On April 25, 1984, the Dane county clerk of circuit court notified the parties that the case was filed in Dane county circuit court on that day and assigned to Judge Richard W. Bardwell. On May 23, 1984, Judge Bardwell wrote to counsel for both parties, informing them that he was "refusing to take jurisdiction of this case and directing the Clerk that she return the file and all supporting papers to the Clerk of Court of Adams County for further proceeding."

In the letter of May 23, 1984, Judge Bardwell explained his reasons for refusing the case:

"I have reviewed the file and can find nothing therein which would indicate that Dane County is the proper place of trial for this action. I immediately telephoned Judge Gieringer and asked him his reason for transferring the case to this county. He stated that there was no basis for venue in Adams County and that the case clearly should have been venued in Columbia County for various reasons. It is true that under sec. 801.54, Stats., (3), counsel may stipulate in writing to change the place of trial of a case, and an order to that effect may be made by a judge. Also subsection (1) provides 'When there is reason to believe that an impartial trial cannot be had in the designated county and when so changed it shall be to a county in which the cause complained of does not exist.' In the instant case there is no basis for the judge having ordered a change of venue from Adams County (which apparently was a county which had venue of the action) to Dane County, which is a county in which venue does not lie for this action.

"In other words, we have a situation where for convenience or some other personal reason counsel have agreed to venue a case in Dane County, which has the highest case count by far of any county in the state. Also it would be unfair to assess the costs of trial, including support staff, to Dane County in a case which never should have been venued here in the first place."

The defendants then brought a motion for reconsideration of Judge Bardwell's decision to return the case to Adams county. A hearing on the motion was held on June 18, 1984, and was attended by counsel for the defendant newspaper group but not by counsel for the plaintiffs. At the hearing, Judge Bardwell denied the motion for reconsideration. He restated his reasons for refusing the transfer of venue:

"Well, when the court, when the court then, this branch, Branch I of the Circuit Court, was assigned the case by the Clerk of Circuit Court by a draw, I looked over the file and I said, well, this is not proper discretionary change of venue for two reasons: One, I think the most important, is that it in effect saddles—the way Gieringer has done it—saddles Dane County with all the costs, including jury fees, if there are jury fees, clerk's fees, everything else that goes with the trial of a lawsuit, even though the case has no logical reason for being here based on this record; and, secondly, of importance because we always have to consider moving cases along, judicial and counsels' economy, Dane County without question is by far the most crowded docketed county in the state . . . and so in the, just [as] justice delayed is justice denied, which is an old wise man's saying, this would be a denial of justice to both sides if this Court took it. Plus the fact that the way I read it, and the cases seem to indicate, in *Hoppe v. State*, 1976, 74 Wis. 2d 107, the court stated: The question of change of venue is addressed to the trial judge's discretion and any doubts in the mind of the trial judge should be resolved in favor of the defendant's motion, I suppose for change of venue, where there is a question of discretion. Here it doesn't appear that Judge Gieringer exercised any discretion, nothing in the record to show he did.

"Secondly, he is not the trial judge. I would have no objection to Judge Gieringer taking this case and coming down here with his clerk, and we would do our best to provide a courtroom for him at some time when, if it ever got to that point. He can conduct all the pre-trial proceedings up in Adams County, but he would stay with the case, and I suggested that to him. His response

was that this case doesn't belong in Adams County, it belongs in Columbia County. I said why in the world didn't you transfer it to Columbia County? He said they didn't stipulate to it, and I said you could have voted as a matter of right it should have stayed there and that would have handled it. I don't like to put Judge Gieringer on the spot, but I cannot permit the taxpayers of Dane County to shoulder the costs of someone else's litigation . . . ."

The court then orally granted the defendants' request to stay its order pending this appeal. On June 22, 1984, Judge Bardwell signed an order directing the clerk of court to return the record to the circuit court for Adams county and staying the order until the disposition of these appellate proceedings.

The defendants contend that Judge Gieringer's order transferring the place of trial to Dane county pursuant to the parties' stipulation was a valid exercise of discretion in conformity with sec. 801.54(3), Stats. 1981–82, which provides that, "The court may change the place of trial . . . [w]hen the parties or their attorneys shall stipulate in writing to change the place of trial . . . ." They argue that nothing in the statute or case law grants the court to which the case is transferred (the transferee court) the authority to decline venue or refuse the case.

Briefs have also been filed by the Schroeders and by the Attorney General on behalf of the circuit court for Dane county, the Honorable Richard W. Bardwell, presiding. The Schroeders take the position that amendments to the venue statutes passed by the 1983 legislature should apply retroactively to this case, and under these amendments, Adams county would be a proper place for trial. We reject this argument because the legislature quite clearly provided that the amended statutes govern only civil actions filed on or after July 1, 1984. 1983 Act 228, sec. 17. The Schroeders also state that they are agreeable to trying the case before either

Judge Bardwell or Judge Gieringer in Dane county or before Judge Gieringer in Adams county.

The circuit court for Dane county ("circuit court") contends that it lawfully refused to accept the transferred case in the exercise of the court's inherent powers. It argues that the exercise of the court's inherent power to protect itself against any action that impairs its efficiency was appropriate in this case in view of three factors: (a) the high volume of cases in Dane county circuit court; (b) the backlog and delay created by the court congestion; and (c) the absence of evidence in the record demonstrating that Judge Gieringer exercised any discretion in transferring the case to Dane county. The circuit court concedes that the venue statutes offer the transferee court no authority to refuse a change of venue pursuant to sec. 801.54(3), Stats., and does not contend that any such power should be read into the statute. The circuit court also submits that even if Judge Bardwell lacked the power to refuse the case, the case should be remanded to the circuit court for Adams county with the directions that Judge Gieringer specifically consider the caseload and delay in Dane county as part of his exercise of discretion in transferring the case.

We conclude that Judge Bardwell exceeded his authority by refusing to accept the change of venue in this case. We agree that the venue statutes provide no authority to the transferee court to refuse a case transferred by court order pursuant to a stipulation. Nor do we find that authority in the inherent powers of the circuit court.

We first consider the circuit court's contentions that the high volume of cases in Dane county circuit court and the resultant backlog and delay justify the exercise of its inherent power to refuse the transferred case. This court has stated that the circuit court has inherent

power to "preserve and protect the exercise of its judicial function of presiding over the conduct of judicial proceedings." *State ex rel. Bilder v. Township of Delavan,* 112 Wis. 2d 539, 556, 334 N.W.2d 252 (1983). We have described this power as that necessary to accomplish the judicial purpose:

> " 'In order to accomplish the purposes for which they are created, courts must also possess powers. . . . Such powers have been conceded because without them they could neither maintain their dignity, transact their business, nor accomplish the purposes of their existence. These powers are called inherent powers.' " *Jacobson v. Avestruz,* 81 Wis. 2d 240, 245, 260 N.W.2d 267 (1977), quoting *State v. Cannon,* 196 Wis. 534, 536–37, 221 N.W. 603 (1928).

It is quite clear, however, that the inherent power of the circuit court is subject to, and limited by, the constitution. In *State v. Cannon,* 199 Wis. 401, 402, 226 N.W. 385 (1929), we stated:

> "The courts established by the constitution have the powers which are incidental to or which inhere in judicial bodies, *unless those powers are expressly limited by the constitution."* (Emphasis supplied.)

In *In re Cannon,* 206 Wis. 374, 393, 240 N.W. 441 (1932), we said:

> "That courts possess inherent power, as has frequently been asserted by this court, was pointed out in *State v. Cannon,* 196 Wis. 534, 221 N.W. 603 . . . . (W)hether it be called implied or inherent results in no substantial difference . . . . *No one entertains the thought, whether it be called inherent or implied, that it is a power which transcends the constitution."* (Emphasis supplied.)

*See also, In re Hon. Charles E. Kading,* 70 Wis. 2d 508, 517–18, 235 N.W. 2d 409 (1975).

The Wisconsin Constitution provides that, "(t)he supreme court shall have superintending and administra-

tive authority over all courts." Wis. Const. Art. VII, sec. 3(1). It further specifies that:

"The chief justice of the supreme court shall be the administrative head of the judicial system and shall exercise this administrative authority pursuant to procedures adopted by the supreme court. The chief justice may assign any judge of a court of record to aid in the proper disposition of judicial business in any court of record except the supreme court." Wis. Const. Art. VII, sec. 4(3).

In view of the constitutional delegation of administrative authority to the supreme court, we hold that the circuit court of Dane county did not have the inherent power to limit its caseload by refusing to accept the transfer of the present case from Adams county. Issues of court congestion and delay and perceived inequities in judicial caseloads are matters of statewide administrative concern which have been constitutionally removed from the scope of the inherent powers of the circuit court. The solution for an overburdened court is not to arrogate to itself the authority to decline cases, but to seek assistance from the chief justice or the director of state courts, acting "pursuant to procedures adopted by the supreme court." As Judge Bardwell suggested in his oral opinion denying the defendants' motion for reconsideration, the chief justice could assign Judge Gieringer or another judge to hear the case in Dane county, pursuant to Art. VII, sec. 4(3).

We next consider the circuit court's contention in its brief that its exercise of inherent power in refusing this case was justified because Judge Gieringer's order transferring venue was an abuse of discretion. We note, however, that at oral argument in this case, counsel for the circuit court retreated from this argument and stated, in response to a question from the chief justice, that whether there was an abuse of discretion was not really an issue in this case.

In addition, we infer from Judge Bardwell's suggestions—that he would accept the transfer of the case to Dane county if Judge Gieringer would accompany the case, and that this court remand the case to Judge Gieringer to consider, in the exercise of his discretion, the volume and delay in Dane county—that the alleged abuse of discretion *consisted of* transferring the case to Dane county notwithstanding the heavy caseload and backlog. We reject Judge Bardwell's abuse of discretion rationale for exercising inherent power to refuse the case to the extent that it is merely a variant of the administrative justifications which we have rejected.

Moreover, in the present case the parties did not challenge Judge Gieringer's exercise of discretion in changing venue; to the contrary, they stipulated to it. Absent a direct challenge by the parties to the exercise of discretion of the court transferring venue under sec. 801.54(3), Stats., the transferee court is obliged to accept the case unless the order transferring it is null or void. *See, Giese v. Schultz,* 60 Wis. 449, 452–53, 19 N.W. 447 (1884); *cf., Swan v. Porter,* 96 Wis. 34, 70 N.W. 1068 (1897). A circuit court's order is null and void if it is outside the jurisdiction of the court. *Wisconsin Public Service Corp. v. Krist,* 104 Wis. 2d 381, 390, 311 N.W.2d 624 (1981); *Voelz v. Voelz,* 88 Wis. 461, 465, 60 N.W. 707 (1894); *Salter v. Hilgen,* 40 Wis. 363 (1876). There is no claim made here that the Adams county circuit court acted outside its jurisdiction, nor could any such claim be made. Consequently, we reject the argument of the Dane county circuit court that its own concerns over the propriety of the exercise of discretion by the Adams county circuit court, not raised by the parties, justify the Dane county circuit court in refusing the transferred case.

We also acknowledge two other factors considered by the Dane county circuit court in refusing the trans-

ferred case. Judge Bardwell's letter to counsel of May 23, 1984, and his oral decision denying the motion for reconsideration express concern that the taxpayers of Dane county not shoulder the costs of this litigation. While we note that this is a reasonable concern, we do not consider it to be a valid basis for the circuit court's refusal to accept the case. As with the issues of delay and congestion, any inequities among counties' financial burdens as a result of venue changes is a matter of statewide administrative concern, constitutionally committed to this court and thereby removed from the scope of the inherent power of the circuit court. We see no reason at this moment to assume that changes in venue by stipulation pursuant to sec. 801.54(3), Stats., would result in more cases coming into than leaving Dane county and, therefore, we do not see an immediate danger of creating an undue burden on taxpayers of Dane county.

Judge Bardwell also apparently believed that the transfer to Dane county was inappropriate because Dane county is not a proper place for trial under sec. 801.50, Stats. He does not renew this argument before this court. We therefore do not address it, except to note that sec. 801.54(3) does not require that the parties stipulate to a county where venue properly lies.

*By the Court.*—Order of the Dane county circuit court vacated, and cause remanded to that court for further proceedings; petition for a supervisory writ dismissed.