STATE of Wisconsin, Plaintiff-Appellant,

v.

Phillip HALVERSON and City of Prairie du Chien, Defendants-Respondents.

Court of Appeals

*No. 84–1232. Submitted on briefs February 11, 1986.— Decided March 25, 1986.*

(Also reported in 387 N.W.2d 124.)

For the plaintiff-appellant the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general, and *Shari Eggleson,* assistant attorney general.

For the defendants-respondents the cause was submitted on the brief of *Robert M. Hesslink, Jr.* and *Hesslink Law Offices, S.C.,* of Monona.

Before Gartzke, P.J., Dykman, J., and Eich, J.

GARTZKE, P.J.   The state appeals from a judgment and an order insofar as they denied a motion to try and dismissed with prejudice 706 claims against Philip Halverson and the City of Prairie du Chien for violations of the city's Wisconsin Pollutant Discharge

Elimination System permit following the trial of twelve claims.[1] The state argues that it was deprived of its day in court, guaranteed by Wis. Const. art. I, sec. 9, by the trial court's action. We hold that the constitutional protection under Wis. Const. art. I, sec. 9, does not apply to the state, but that the trial court nevertheless lacked power to limit its caseload by dismissing the 706 claims with prejudice. The judgment and order are therefore reversed, insofar as they dismissed the 706 claims, and are otherwise affirmed.

Halverson was the city's waste water treatment plant superintendent. The state claims that he falsified the plant records and that effluent limitation violations were not reported. The complaint sought forfeitures under sec. 147.21(2), Stats., for past instances of falsifications and failures to report violations.[2]

In response to a court order for particulars, the state claimed 718 instances of falsifications. The trial court directed the state to select twelve instances for the trial. The state objected but complied. The trial court directed a verdict against the state on two claims. The jury found for the city on the remaining ten claims, for the state on five claims against Halverson and for Halverson on five claims. The court entered judgment against Halverson on the verdict. The court dismissed the remaining 706 claims with prejudice and denied the state's motion for trial on these claims.

The parties agree that the question is whether the trial court abused its discretion. Our review of discre-

---

[1] We dismissed Halverson's cross appeal as untimely.

[2] Section 147.21(2), Stats., provides: "Any person who violates this chapter, or any rule promulgated thereunder, or any term or condition of a permit issued under this chapter, shall be subject to a forfeiture of not more than $10,000 for each day of violation."

tionary decisions is limited to whether the trial court exercised its discretion on the basis of facts of record, applying the appropriate legal standard. *Earl v. Gulf & Western Mfg. Co.,* 123 Wis. 2d 200, 204–05, 366 N.W.2d 160, 163 (Ct.App. 1985). A discretionary decision based on an error of law is an abuse of discretion. *Id.* at 205, 366 N.W.2d at 163.

■ The decision to limit the trial to twelve claimed violations was not an abuse of discretion. Trial courts have inherent power to regulate matters related to adjudication. *State v. Holmes,* 106 Wis. 2d 31, 44, 315 N.W. 703, 709 (1982); *State v. Kielisch,* 123 Wis. 2d 125, 131 n.2, 365 N.W.2d 904, 907 (Ct.App. 1985). The judicial policy of this state "places upon the trial court the heavy responsibility of seeing that the charges are so limited as to be prosecuted in good faith without confusing the jury, or putting such a burden upon the defendant as to render it doubtful that he will be able properly to defend himself." *Gutenkunst v. State,* 218 Wis. 96, 100, 259 N.W. 610, 612, *cert. denied,* 296 U.S. 608 (1935). The trial court felt it was impossible for the jury to make intelligent determinations on more than twelve claims. The record provides a substantial basis for that decision. Trial on the twelve chosen violations resulted in 60 questions in the special verdict.

We turn to the trial court's dismissal of the balance of the state's claims and the court's refusal to allow a trial on those claims. The court gave two reasons for its decision. First, the court said that to try the remaining claims would involve perhaps 233 trial days and jurors' fees exceeding $125,000. Second, in the court's view, the state had had its day in court and had proved its point. The court said that the purpose of the

forfeiture statute is to penalize, to make a point and to protect the environment, and that the trial on twelve claims had fulfilled that purpose. The court therefore denied the state's motion for trial on the remaining claims and dismissed the claims with prejudice.

The state asserts that the trial court abused its discretion because dismissal of the state's claims does not comport with the state's rights under Wis. Const. art. I, sec. 9, which provides:

> Every person is entitled to a certain remedy in the laws for all injuries, or wrongs which he may receive in his person, property, or character; he ought to obtain justice freely, and without being obliged to purchase it, completely and without denial, promptly and without delay, conformably to the laws.

The state correctly argues that this constitutional provision entitles Wisconsin litigants to their day in court. *Metzger v. Department of Taxation,* 35 Wis. 2d 119, 129, 150 N.W.2d 431, 436 (1967); *Neuhaus v. Clark County,* 14 Wis. 2d 222, 229, 111 N.W.2d 180, 184 (1961).

The state erroneously assumes, however, that it is a litigant protected by this constitutional provision. We conclude that the state is not a member of the protected class.

Wisconsin Const. art. I, sec. 9, describes an ancient protection against officialdom. It dates back to the days of Magna Carta and was designed to prevent a species of official exactions made as the price of delaying or expediting justice. *Christianson v. Pioneer Furniture Co.,* 101 Wis. 343, 347, 77 N.W. 174, 175 (1898), *cited with approval in Mulder v. Acme-Cleveland Corp.,* 95 Wis. 2d 173, 189 n.3, 290 N.W.2d 276, 284 (1980). It reflects

304

"a concession from [the] sovereign power." *Id.* at 348, 77 N.W. at 175. State constitutional provisions of this type "do not grant the right, but guarantee the preservation of one that existed under the constitution of England." *Id.*

No need exists to protect the state from itself. The provision in Wis. Const. art. I, sec. 9, that "every person is entitled to a certain remedy" therefore extends no protection to the state.

The trial court nevertheless abused its discretion. The trial court was without authority to dismiss the claims because of court congestion and expense. Wisconsin Const. art. VII, sec. 3(1), delegates administrative authority over the judicial system to the supreme court. *Schroeder v. Register Pub. Corp.,* 124 Wis. 2d 384, 394–95, 369 N.W.2d 387, 392 (1985).

> Issues of court congestion and delay and perceived inequities in judicial caseloads are matters of statewide administrative concern which have been constitutionally removed from the scope of the inherent powers of the circuit court. The solution for an overburdened court is not to arrogate to itself the authority to decline cases, but to seek assistance from the chief justice or the director of state courts.
>
> . . .

*Id.* at 395, 369 N.W.2d at 393. The first reason for the court's decision therefore falls.

Nor could the trial court interfere with a decision by an executive agency to enforce sec. 147.21(2), Stats. The separation of powers doctrine is implied from our constitution. *J.F. Ahern Co. v. Building Commission,* 114 Wis. 2d 69, 101, 336 N.W.2d 679, 694 (Ct. App.

1983). The doctrine is violated when one branch interferes in an area reserved exclusively to another branch. *In Matter of Complaint Against Grady,* 118 Wis. 2d 762, 776, 348 N.W.2d 559, 566 (1984).

■

This action was brought on behalf of the state by the attorney general, who directs and supervises the Department of Justice, an executive agency. Section 15.25, Stats. Section 147.29(1), Stats., directs the Department of Natural Resources, itself an executive agency, sec. 15.34, to refer violations of ch. 147 or a permit issued pursuant to that chapter to the Department of Justice for enforcement under sec. 147.21. Those executive agencies originally concluded that 718 claimed violations should be prosecuted. Only those agencies may decide whether trial of twelve or any other number of the 718 claims meets the need to enforce ch. 147. The trial court's attempt to make that decision violated the doctrine of separation of powers.[3] The court's second *reason* for refusing to try and for dismissing the balance of the claims therefore falls.

*By the Court.*—Judgment and order reversed insofar as the remaining counts are dismissed, and otherwise affirmed. Cause remanded for further proceedings. No costs on appeal.

DYKMAN, J. *(concurring).* Because the parties agreed that the trial court's dismissal of the remaining claims was a discretionary act, we reviewed the issue

---

[3] Halverson argues in his brief that an erroneous dismissal of the 706 claims did not prejudice the state because the claims are without merit. His substantive challenges to the validity of the untried claims should be addressed to the trial court when those claims are tried.

for abuse of discretion. This is probably an incorrect standard of review, and future use of our opinion should be undertaken with that in mind. In addition, the parties did not brief the question whether the state is a person entitled to protection under art. I, sec. 9 of the Wisconsin Constitution, or whether the separation of powers doctrine applies to the facts of this case. Respondent does not argue that the trial court's decision should be upheld because the state had "made its point." Without the assistance of briefs, I am reluctant to conclude that reversal is required by anything other than *Schroeder v. Register Pub. Corp.,* 124 Wis. 2d 384, 369 N.W.2d 387 (1985).